UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| ABSHER/KITCHELL J.V., <br><br> Plaintiff, <br><br> vs. <br><br> PUYALLUP TRIBE OF INDIANS, <br><br> Defendant | NO. <br><br> COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF TO COMPEL ARBITRATION |

Absher/Kitchell J.V. ("AK") states and alleges the following:

## I. NATURE OF THE ACTION

1. Plaintiff AK files this action to compel arbitration under the Federal Arbitration Act ("FAA") 9 U.S.C. §1-16 and as AK and defendant Puyallup Tribe of Indians ("PTOI") agreed by Contract and for such other relief as the Court deems just and proper.

## II. JURISDICTION AND VENUE

2.1 This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this suit involves a dispute regarding enforcement of the FAA and tribal court jurisdiction of the Court of the Puyallup Tribe of Indians ("Tribal Court") over the parties. This Court similarly has the power to "declare the rights and other legal relations

COMPLAINT – 1
186298.1.1/22991.78

ACS  Ahlers Cressman & Sleight PLLC
PH: (206) 287-9900   999 Third Ave, Suite 3800
Fax: (206) 287-9902   Seattle, WA 98104-4023

of any interested party seeking such declaration." 28 U.S.C. § 2201.  Venue is appropriate because the contract at issue covers transactions taking place near Tacoma, Washington.

### III.   PARTIES

3.1   **Plaintiff.** AK is, and at all times material to this action was, a joint venture between Absher Construction Co., a Washington Corporation, and Kitchell Contractors, Inc., an Arizona corporation.

3.2   **Defendant.** The Puyallup Tribe of Indians ("PTOI") is a federally recognized Indian tribe.

### IV.   FACTS

4.1   AK and PTOI entered into a contract (the "Contract") for the construction of the I-5 Casino Project-Phase 2 Casino (the "Project) on or about July 29, 2016.

4.2   The Project involved construction of a new gaming facility on PTOI's reservation near the existing Emerald Queen Casino in Tacoma, Washington.

**A.   Relevant Contract Terms:**

4.3   The Parties' Contract utilized modified versions of the commonly used American Institute of Architects ("AIA") A133 Standard Form of Agreement Between Owner and Construction Manager as Constructor ("A133") and AIA A201 2007 General Conditions of the Contract for Construction ("A201").

4.4   The Contract includes a dispute resolution provision selecting binding arbitration before the American Arbitration Association ("AAA") as the exclusive venue for resolution of any dispute between the parties.

4.5   The Contract precludes any court from exercising jurisdiction over disputes between the parties with the specific limited exception of enforcing the

COMPLAINT – 2
186298.1.1/22991.78

Ahlers Cressman & Sleight PLLC
PH: (206) 287-9900
Fax: (206) 287-9902
999 THIRD AVE, SUITE 3800
SEATTLE, WA 98104-4023

arbitration clause or enforcing an arbitration award. The A133 dispute resolution clause provides in relevant part:

> §12.2 Dispute Resolution/Governing Law/Limited Waiver of Sovereign Immunity. Except as expressly provided in this Agreement the Owner does not waive, limit, or modify its Tribal sovereign immunity from unconsented lawsuit. **Any dispute or claim arising between the Parties regarding the interpretation, implementation, compliance, or enforcement of this Agreement (a "Dispute"), shall be settled by the procedures set out in this Section 12.2 and not by any court action except as specifically provided in Section 12.2.2.4**
>
> .1    Dispute Consultation Process. If a Dispute arises out of, or relates to this Agreement, the Parties agree first to try in good faith to settle the Dispute through informal consultation and then mediation.
>
> .2    Binding Arbitration. **If the Dispute is not resolved to the Parties' satisfaction by the Dispute Consultation Process described above, the Dispute shall be resolved by binding arbitration as follows**:
>
>     .1    AAA Rules Apply. The arbitration shall be conducted under the then existing Construction Industry Arbitration Rules of the American Arbitration Association ("AAA") or, upon agreement of the Parties, a similar organization.
>
>     . . .
>
>     .4    Governing Rules and Awards. The arbitrator shall resolve any Dispute in accordance with this Agreement, including the applicable law designated by the Parties in Section 11.3 above. Unless otherwise agreed to by the Parties, the arbitrator shall not decide the Dispute on summary disposition. **The Partiess[sic] agree that the arbitrator shall have authority, without resort to any**

COMPLAINT – 3
186298.1.1/22991.78

Ahlers Cressman & Sleight PLLC
PH: (206) 287-9900
Fax: (206) 287-9902
999 Third Ave, Suite 3800
Seattle, WA 98104-4023

> court, to award the Parties with appropriate relief as set out in the agreement. **The Parties agree that the obligation to arbitrate under this Agreement shall be final** and may be specifically enforced in the Tribal Court of the Puyallup Tribe of Indians. The prevailing Party in any action brought to enforce this arbitration clause shall be entitled to recovery of its reasonable attorney's fees and costs from the other Party to the Dispute as awarded by the arbitrator or judge.

4.6     The inclusion of the arbitration provision in the Contract constitutes a legally binding waiver of PTOI's sovereign immunity for the purposes of engaging in arbitration.

4.7     In addition, in Section 12.2.2.5, PTOI provided a waiver of its sovereign immunity for the purpose of enforcing the arbitration provision or enforcing an arbitration award. The sovereign immunity waiver provides in relevant part:

> Limited Waiver of Sovereign Immunity from Unconsented Lawsuit. This limited waiver of sovereign immunity from unconsented lawsuit by the Puyallup Tribe of Indians shall be strictly construed and limited to its specific terms and conditions as set forth in this Section 12.2.3, and in conjunction with Section 13.1 and Article 15 of AIA Document A201—2007The Puyallup Tribe of Indians voluntarily grants to the Construction Manager a limited waiver of the Puyallup Tribe's sovereign immunity from unconsented lawsuit for the limited purpose of the Owner's participation in the Dispute resolution procedures contained in Section 12.2.2 of this Agreement. **The Puyallup Tribe agrees that it will not raise sovereign immunity from unconsented lawsuit as a defense in a judicial action brought by the Construction Manager to enforce arbitration or an arbitration award obtained by the Construction Manager in accordance with this Section 12.2**. This limited waiver of sovereign immunity from

COMPLAINT – 4
186298.1.1/22991.78

Ahlers Cressman & Sleight PLLC
PH: (206) 287-9900     999 THIRD AVE, SUITE 3800
Fax: (206) 287-9902    SEATTLE, WA 98104-4023

> unconsented lawsuit is expressly limited to the Construction Manager named in this Agreement, and may not be assigned, transferred, or used by or on behalf of any other party, including the Construction Manager's successor(s) and/or subcontractors, without the express written consent of the Puyallup Tribe. . .

4.8    On August 2, 2016 after the Contract was signed, the Puyallup Tribal Council enacted Resolution No. 020816-A (the "Tribal Resolution"). The resolution approved the contract between AK and PTOI for the Project and was signed by Dorreen Contreras, Puyallup Tribal Secretary and Bill Sterud, Chairman of the Puyallup Tribal Council.

4.9    The Tribal Resolution enacted and approved a waiver of PTOI's tribal sovereign immunity for purposes of engaging in arbitration and provides for enforcement of the arbitration provision and any arbitration award and in the District Court for the Western District of Washington:

> WHEREAS, the Agreement provides for a limited waiver of the Tribe's Sovereign immunity from suit for dispute resolution between the parties through binding arbitration with the duty to arbitrate or enforce arbitration awards residing in the United States District Court for the Western District of Washington or, if the federal court declines jurisdiction, in the Washington State Courts

**B.    The Parties' Payment Dispute**

4.10    Though PTOI has use of and is operating the casino, PTOI has failed to timely pay amounts due to AK for work directed by PTOI in an amount exceeding $17 million and has failed to release undisputed retainage amounts exceeding an additional $2 million dollars.

4.11 For example, PTOI has failed to resolve and address pending Change Order Requests ("CORs") AK sent to PTOI for increased costs on the Project.

4.12 PTOI also issued Construction Change Directives ("CCDs") to AK. CCDs are a device used to implement owner (PTOI) directed changes to the Project. When a CCD is issued, the contractor is directed to proceed with the change while the compensation issue is pending so as not to incur additional delay expenses while costs are approved prior to implementing the changed work.

4.13 AK is seeking compensation for its pending CORs and CCDs from PTOI as well as release of its undisputed retainage.

**C.  PTOI's Improper Refusal to Arbitrate Disputes With AK.**

4.14 After the attempts to informally resolve the payment disputes between AK and PTOI failed, on July 30, 2020, AK filed two demands for mediation and arbitration against PTOI with the AAA as required by the Contract.

4.15 The two arbitrations are for CORs and CCDs related to (a) drywall and (b) electrical and are segregated by subject matter.

4.16 Though PTOI agreed to a mediator for the drywall related matter, PTOI filed objections to AAA jurisdiction in both matters based on sovereign immunity.

4.17 PTOI has persistently refused to engage in the arbitration process as required by the parties' Contract.

4.18 PTOI's refusal to engage in arbitration is a violation of the dispute resolution clause of the parties' Contract.

4.19 PTOI has provided AK with a copy of a Complaint for Declaratory and Injunctive Relief ("Tribal Court Complaint") in the Court of the Puyallup Tribe of Indians. At the time the Tribal Court Complaint was provided to AK, it had not yet been

filed with the Tribal Court and it has not been disclosed to AK whether the Tribal Court Complaint has since been filed.

4.20 The Tribal Court Complaint seeks an order declaring that AK is not entitled to arbitration and injunctive relief to enjoin the arbitration proceedings.

4.21 The Tribal Court lacks jurisdiction to hear PTOI's Complaint as the parties have chosen binding arbitration as the exclusive and final venue for resolution of disputes under the Contract, which includes any dispute over jurisdiction or interpretation of the Contract, including the sovereign immunity clause.

4.22 PTOI's filing of the Tribal Court Complaint is a breach of the parties' agreement to exclusively vest jurisdiction for dispute resolution in the arbitrator selected by the parties.

V. **CAUSE OF ACTION—DECLARATORY AND INJUNCTIVE RELIEF**

5.1 The allegations of the foregoing paragraphs are incorporated herein by reference.

5.2 An actual controversy exists between AK and PTOI regarding the parties' respective rights and obligations under the Contract and the jurisdiction of the AAA and the Tribal Court.

5.3 Section 2 of the Federal Arbitration Act states that a "written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

COMPLAINT – 7
186298.1.1/22991.78

Ahlers Cressman & Sleight PLLC
PH: (206) 287-9900
Fax: (206) 287-9902
999 THIRD AVE, SUITE 3800
SEATTLE, WA 98104-4023

5.4	With exceptions not relevant here, in any "case of actual controversy within [their] jurisdiction," federal courts have the power to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201.

5.5	The Contract states that arbitration is the exclusive venue for dispute resolution and specifically precludes court intervention to resolve disputes.

5.6	The Contract requires PTOI to arbitrate any disputes with AK, including any dispute over Contract interpretation, including jurisdiction and the sovereign immunity provision.

5.7	Pursuant to the Contract, 9 U.S.C. §4, and the Tribal Resolution, AK is entitled to an Order from the Court directing PTOI to engage in AAA arbitration with AK.

## VI.   PRAYER FOR RELIEF

AK requests the following relief:

a.	An order directing arbitration to proceed consistent with the parties' Contract;

b.	An Order directing PTOI to participate in such arbitration;

c.	For an award of attorneys' fees and other litigation costs incurred in bringing this action;

d.	For all other relief that this Court deems just and equitable.

//
//
//
//
//

**AHLERS CRESSMAN & SLEIGHT PLLC**


By: */s/John P. Ahlers*
By: */s/Lindsay T. Watkins*
By: */s/Nicholas C. Korst*
    John P. Ahlers, WSBA #13070
    Lindsay T. Watkins, WSBA #43012
    Nicholas C. Korst, WSBA #46581
    999 3rd Ave, Suite 3800
    Seattle, WA 98104
    Ph: (206) 287-9900
    Fax: (206) 287-9902
    john.ahlers@acslawyers.com
    lindsay.watkins@acslawyers.com
    nicholas.korst@acslawyers.com

**CERTIFICATE OF SERVICE**

I, _____, declare under penalty of perjury under the laws of the State of Washington that at all times hereinafter mentioned, I am a resident of the State of Washington, over the age of eighteen (18) years, not a party to the above-entitled action, and competent to be a witness herein.

On the date below, I caused a copy of the foregoing document to be served on the individuals identified below as follows:

SIGNED: This ____ day of ____, 2019, at Seattle, Washington.

_____
_____, Legal Assistant

COMPLAINT – 10
186298.1.1/22991.78

Ahlers Cressman & Sleight PLLC
PH: (206) 287-9900
Fax: (206) 287-9902
999 THIRD AVE, SUITE 3800
SEATTLE, WA 98104-4023

COMPLAINT – 11

186298.1.1/22991.78